IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| STEVEN ANDERSEN and PATRICIA ANDERSEN,<br><br>Plaintiffs,<br>v.<br><br>FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN,<br><br>Defendants. | **RULING & ORDER GRANTING DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY**<br><br>Case No. 1:20-cv-00115-DAK-DBP<br><br>District Judge Dale A. Kimball<br><br>Chief Magistrate Judge Dustin B. Pead |

Currently pending before this Court is Defendant's Motion to Exclude the Expert Testimony of Matthew Jenson and Chris Little. (ECF No. 31.)

## BACKGROUND

Plaintiffs Steven and Patricia Andersen ("Plaintiffs") filed an insurance claim with Defendant Foremost Insurance Company ("Defendant") after their cedar shake roof was damaged in a hailstorm on August 22, 2018. Defendant agreed to pay for the replacement of the cedar shakes and tendered payment.

In March 2020, Plaintiffs hired licensed public adjusters Matthew Jenson ("Jenson") and Chris Little ("Little") of Utah Public Adjusters to inspect the property and evaluate any losses, along with their respective causes. (ECF No. 44, Exhibit A.) Jenson and Little completed the inspection and sent their 104-page Public Adjuster Report ("Adjuster Report") to Foremost that

same month. Foremost did not provided any additional payment to Plaintiffs. As a result, Plaintiffs filed this lawsuit in August 2020.[1]

During discovery, Plaintiffs identified Jenson and Little as experts and submitted expert disclosures on July 7, 2021, and an expert report on August 6, 2021. (ECF No. 31-2; ECF No. 44, Exhibit B.)

Defendant subsequently brought the pending Motion to Exclude Jenson and Little's Expert Testimony ("Motion") on the following grounds: (I) Plaintiffs' expert report does not comply with the disclosure requirements of Federal Rule of Civil Procedure 26(a)(2)(B); and (II) Both Jenson and Little's compensation is contingent on the outcome of the trial. (ECF No. 31.) On February 18, 2022, the Court held a hearing on the Motion. (ECF No. 48.)

## STANDARD OF REVIEW

A district court "has 'wide latitude' in deciding whether to exclude expert testimony," *Hall v. Conoco Inc.,* 886 F.3d 1309, 1311 (10th Cir. 2018) (*citing Bitler v. A.O Smith Corp.,* 400 F.3d 1227, 1232 (10th Cir. 2005)), and the "proponent of expert testimony bears the burden of showing that the testimony is admissible." *Conroy v. Vilsack,* 707 F.3d 1163, 1168 (10th Cir. 2013).

## DISCUSSION

### I. Expert Report Disclosure

On July 7, 2021, Plaintiffs identified Jenson and Little as their retained experts. (ECF No. 31-2.) As part of their disclosure, Plaintiffs indicated that Jenson and Little's specific opinions,

---

[1] Plaintiffs initially filed their action in state court, *Steven Andersen, et. al., v. Foremost Insurance Company* Civil No. 200700636, after which Defendant removed the case to federal court. (ECF No. 2); *see* 28 U.S.C. § 1441(b).

along with the bases therefor, would be included in their written report and that the experts would testify regarding:

> inspection of the subject roof, the condition of the roof, the losses incurred as a result of the storm, the causes of the claim loss, the handling of the subject insurance claim, the standard of care applicable to the handling of the claim, the proper scope of the loss, the proper scope of repairs, the repairability of the roof, the application of policy terms, the costs to replace the roof, and the reasonableness of Defendant's estimate.

*Id.* On August 6, 2021, Plaintiffs provided Defendant with their expert report. (ECF No. 44.) The expert report is a copy of the previously provided Adjuster Report as initially supplied to Defendant in March of 2020. (ECF No. 44; ECF No. 45-2, PLA 00046-108.)

Defendant argues Jenson and Little's testimony should be excluded because Plaintiff has not provided a written expert report containing the information required under the federal rules. Plaintiff disagrees asserting the Adjuster Report properly contains the expert opinions of Jenson and Little.

Under the federal rules, "[a] party must disclose to the other parties the identity of any witness it may use at trial to present [expert] evidence." Fed. R. Civ. P. 26(a)(2)(A). The disclosure "must be accompanied by a written report----prepared and signed by the witness." Fed. R. Civ. P. 26(a)(2)(B). Specifically, the report must contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

>   (vi) a statement of the compensation to be paid for the study and testimony in the case.

*Id.* If a party fails to disclose the information or to identify a witness the "party is not allowed to use that information or witness . . ., unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The "burden to establish harmlessness is on the party who failed to make the required disclosure." *US Magnesium, LLC v. PVS Chloralkali,* 2022 U.S. Dist. LEXIS 33546, at *6 (D. Utah Feb. 24, 2022) (*citing Sowsonicut v. Roosevelt City,* 2005 U.S. Dist. LEXIS 55919, at *16-17 (D. Utah Mar. 29, 2005)).

In determining the pending Motion this Court looks to the well-reasoned opinion of Judge Tena Campbell in *Healy-Petrik v. State Farm Fire & Cas. Co.,* No. 2:20-cv-00611-TC-JCB, 2022 U.S. Dist. LEXIS 27980, at *1 (D. Utah Feb. 15, 2022).[2] In that case, Judge Campbell addressed a nearly identical motion to exclude the expert testimony of Matthew Jensen based, in part, on a failure to comply with expert report requirements. (2:20-cv-00611, ECF No. 34.) Like here, Jenson's expert report contained an unsigned estimate generated using Xactimate software and containing a list of losses, repair costs and photographs of damage observed. *Healy-Petrik,* at *22; *Cmpr.,* 2:20-cv-00611(ECF No. 35-3) *with* (ECF No. 45-2.) Because it lacked express opinions, Judge Campbell concluded that Jenson's report "violate[d] Rule 26 and must be stricken." *Id.* at *25.

In this case, the expert report is unsigned, does not reference Jenson or Little and fails to include any statement of opinions that Jenson or Little will express. Indeed, despite listing the observed losses, documented pictures, and estimated cost of repair, the report fails to indicate what opinions that information would form the basis of or the reason for those opinions. The

---

[2] In *Healy-Petrik*, a homeowner hired Matthew Jenson of Utah Public Adjusters to assist with her claim after snow and ice buildup damaged her roof. *Id.* at *1.

4

only potential "opinion" appears on the third page of the report and states: "[w]hile it may be very profitable to do it the way I am seeing it done, it is incorrect, and a misrepresentation of the policy and the coverage available." (ECF No. 45-2 at 3.) Yet, even generously construing this statement as an opinion, does not excuse the failure to provide support or identify the "basis and reasons" for that opinion or for the claimed damage amounts. With such a large inferential gap between the listed information and the omitted opinions of the witnesses, the court finds that Plaintiffs' expert report fails to meet the requirements of Rule 26(a)(2)(B).

Even if a report is deemed insufficient, the court may excuse the deficiencies so long as the party attempting to introduce the witness proves that the error was "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *US Magnesium,* 2022 U.S. Dist. LEXIS 33546, at *11-12. To assess whether the error was harmless, the Court "need not make explicit findings" but should consider the following factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.,* 170 F.3d 985, 993 (10th Cir. 1999). If the party attempting to introduce the witness does not make an argument regarding the alleged error's harmlessness, the party waives the issue. *Id.; Healy-Petrik,* 2022 WL 36137 at *8.

Here, Plaintiffs have not met their burden to establish that the omission of expert opinions was substantially justified or harmless. Without specifically addressing the factors, Plaintiffs appear to argue that any deficiencies in the report are harmless because Defendant had access to the report since March 2020, the report has not changed since the start of litigation and Defendant was able to depose witnesses. These arguments, however, do not address the harmless

nature of Plaintiff's failure to disclose any substantive opinions to which the experts would testify. With Plaintiff failing to meet their burden, the Court finds that the error has not been cured and as a result the report will be excluded.[3]

Given the exclusion of Jenson and Little's expert report, the court does not reach Defendant's second argument challenging the admissibility of Jenson and Little's testimony based on their contingency fee agreement with Plaintiffs.

For the reasons stated, IT IS HEREBY ORDERED that:

1. Plaintiffs' Motion to Exclude Matthew Jenson and Chris Little is GRANTED for failure to comply with the expert report requirements of Federal Rule of Civil Procedure 26(a)(2)(B). (ECF No. 31.)

DATED this 17 March 2022.

_____
Dustin B. Pead
United States Magistrate Judge

---

[3] Plaintiffs alternatively argue that Jenson and Little should be allowed to give lay opinion testimony under Federal Rule of Evidence 701. *See* Fed. R. Evid. 701. The Court considers such issue to be within the purview of the trial court and declines, in this context, to make a determination as to Jenson and Little's ability to testify as lay witnesses.