IN THE UNITED STATE DISTRICT COURT
STATE OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| STEVEN ANDERSEN and PATRICIA ANDERSEN,<br><br>Plaintiffs,<br><br>vs.<br><br>FOREMOST INSURANCE,<br><br>Defendant. | RULING & ORDER<br>and<br>AMENDED SCHEDULING ORDER<br><br>Case No.  1:20-cv-00115<br><br>District Court Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

This case was referred to Magistrate Judge Dustin B. Pead pursuant to 28 U.S.C. § 636(b)(1)(A). (ECF No. 15.) Currently before the court is Defendant Foremost Insurance's ("Foremost" or "Defendant") Motion to Amend Scheduling Order ("Motion"). (ECF No. 77.) Plaintiffs Steven and Patricia Andersen (the "Andersens" or "Plaintiffs") object to Foremost's Motion for amendment. (ECF No. 79.)

Under DUCivR 7-1, the court concludes that oral argument is not necessary and, therefore, decides the Motion on the written memoranda. *See* DUCivR 7-1(f). Based upon the analysis set forth below, the court GRANTS Foremost's Motion.

**BACKGROUND**

Under the operative scheduling order, the parties were required to file any dispositive motions by December 17, 2021. (ECF No. 27.) On April 1, 2022, Foremost filed its Motion for Summary Judgment seeking to dismiss the Andersens' claims. (ECF No. 50.) Because Defendant filed its summary judgment motion after expiration of the dispositive deadline, the Court invited Defendant to move for amendment of the scheduling order. (ECF No. 72, Docket Text Order)

1

("Because Defendant seeks to file its Motion for Summary Judgment after the dispositive motion deadline has expired, the Court invites Defendant to file a Motion to Amend Scheduling Order.") Consistent therewith, on June 30, 2022, Defendant filed its pending Motion seeking to amend the scheduling order to "establish a dispositive motion deadline of April 1, 2022."[1] (ECF No. 77.)

## LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 16, the court may extend scheduling order deadlines for "good cause." Fed. R. Civ. P. 16(b)(4) (scheduling order "may be modified only for good cause and with the judge's consent"). If a party seeks an extension after the deadline to do so has passed, the court may extend "only upon a showing of good cause and that the failure to act was due to excusable neglect." *J. White, L.C. v. Wiseman,* 2020 U.S. Dist. LEXIS 133664, at * 7 (D. Utah July 27, 2020) (*citing* Fed. R. Civ. P. 6(b)(1)(B)). The "good cause" and "excusable neglect" factors are related. Specifically,

> [w]ithout attempting a rigid or all-encompassing definition of 'good cause' it would appear to require *at least as much* as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of 'good faith on the part of the party
>
> seeking the enlargement *and* some reasonable basis for noncompliance within the time specified' is normally required.

---

[1] Defendant's initial motion seeking to amend the scheduling order (ECF No. 74) failed to address the "good cause" and "excusable neglect standards" and was consequently denied without prejudice. (ECF No. 76, Docket Text Order) ("because the dispositive motion deadline has already passed, the Court will only consider an extension of dates in the context of a motion to amend the scheduling order where the parties address both the good cause and excusable neglect standards."). Foremost filed its pending Motion shortly thereafter. (ECF No. 77.)

*Broitman v. Kirkland (In re Kirkland)*, 86 F.3d 172, 175 (10th Cir. 1996) (emphasis added) (*quoting Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1306 (5th Cir. 1985) (citation omitted)); *see also Putnam v. Morris,* 833 F.2d 903, 905 (10th Cir. 1987.)

It is within the court's discretion to determine whether the moving party has established good cause in any particular case. *Birch v. Polaris Industries Inc.,* 812 F.3d 1238, 1249 (10th Cir. 2015).

## DISCUSSION

Because Foremost seeks modification after the relevant discovery deadlines have passed, it must establish good cause and excusable neglect. *See J. White, L.C.,* at * 7 (*citing* Fed. R. Civ. P. 6(b)(1)(B)); *see also* Fed. R. Civ. P. 16(b)(4).

1. **Good Cause**

Good cause requires Defendants to show that scheduling deadlines could not be met "despite [the Defendants'] diligent efforts" to do so. *Masa v. State Farm Mutual Automobile Insurance Co.,* 2021 U.S. Dist. LEXIS 215259, at *5 (D. Colo. Nov. 8, 2021) (*citing Gorsuch, Ltd., B.C. v. Wells Fargo National Bank Association,* 771 F.3d 1230, 1242 (10th Cir. 2014) (citation omitted)). Examples of good cause include where "the movant learns new information through discovery or if the underlying law has changed." *Id.,* at *5. The focus of the good cause inquiry is on the "diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment" and not on the "bad faith of the movant, or the prejudice to the opposing party." *Id.*, at *5; *see also Tracy v. Youth Health Associates,* 2021 U.S. Dist. LEXIS 110051, at *3-4 (D. Utah June 9, 2021) (*citing Stevenson v. Salt Lake County,* 2014 U.S. Dist. LEXIS 63253, at *11 (D. Utah May 7, 2014)).

Defendant filed its motion to exclude Plaintiffs' experts on October 29, 2021. (ECF No. 31.) On March 17, 2022, the Court issued its ruling excluding Plaintiffs' experts for failure to comply with the expert report requirements of Federal Rule 26. (ECF No. 49.) Thus, the basis for Defendant's pending summary judgment motion (the exclusion of Plaintiffs' experts), was not known to Foremost until the Court issued its March 17, 2022, written decision. Thereafter, on April 1, 2022, armed with the recent discovery related developments, Defendant filed its pending motion for summary judgment. (ECF No. 50.)

Under these circumstances, the court concludes that Foremost establishes good cause for amendment. Although Plaintiffs claim Defendant should have filed its motion to exclude earlier,[2] this is not a circumstance where Defendants knew of yet carelessly failed to bring a claim or raise an issue "due to an error of law or fact, a strategic decision, or a mere oversight." *Amy G. v. United Healthcare,* 2021 U.S. Dist. LEXIS 39148, at *6 (D. Utah Mar. 1, 2021) (*citing Packers Sanitation Servs., Inc., Ltd.,* 2018 U.S. Dist. LEXIS 140199, at *7 (D. Utah. Aug. 17, 2018)).[3] Rather, fifteen days after "learn[ing] of new information" related to a claim for dispositive relief, Defendant diligently moved for summary judgment. *Masa,* at *5. Based thereon, Defendant has establishes good cause for modification of the scheduling order.

### 2. Excusable Neglect

"Good cause requires a greater showing than excusable neglect." *Broitman,* 86 F.3d at 175 (internal citation omitted). Having concluded that Defendant meets the higher standard of good cause, the court briefly addresses excusable neglect as further support for its conclusion.

---

[2] The Andersens assert they provided their expert report on August 6, 2021. (ECF No. 79 at 4.)

[3] Additionally, Foremost stipulated to and did not oppose the Andersens' three requests for extensions of time to respond to Defendant's motion to exclude Plaintiffs' experts. *See* (ECF No. 32, ECF No. 35, ECF No. ECF No. 39, ECF No. 41.)

> To determine whether the lesser standard of excusable neglect is shown,
>
>> a court must take into account "all relevant circumstances surrounding the party's omission." These include four relevant factors: (1) "the danger of prejudice" to the nonmoving party; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within reasonable control of the movant"; and (4)"whether the movant acted in good faith."

*Shifers v. Arapahoe Motors, Inc.,* 2018 U.S. Dist. LEXIS 212817, at *8-9 (D. Colo. Dec. 18, 2018) (citation omitted) (*quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)). The reason for delay is the most important factor in the excusable neglect analysis. *Id.* at *9 (third alteration in original) (*quoting City of Chanute, Kan. v. Williams Nat. Gas Co.,* 31 F.3d 1041, 1046 (10th Cir. 1994)); *see Finneman v. Delta Airlines,* 2021 U.S. LEXIS 131517, at *9 (D. Utah March 10, 2021) (*citing Runolfson v. Safeco Ins. Co. of America.,* 2016 U.S. Dist. LEXIS 71448, at *1 (D. Utah May 31, 2016) ("[F]ault in the delay remains a very important factor---perhaps the most important single factor---in determining whether neglect is excusable") (internal citation omitted).

      With respect to impact on the judicial proceedings, it is in the interest of judicial economy to address dispositive issues through motions for summary judgment as a ruling granting summary judgment may preclude the need for trial and preserve the expenditure of time and resources. Regarding delay, as discussed above, Foremost did not become aware of its potential for dispositive relief until March 17, 2022, when the Court issued a ruling excluding Plaintiffs' experts. Within fifteen days of that ruling, Foremost filed its motion for summary judgment. As a result, any neglect stemming from Defendant's failure to raise its dispositive motion sooner was excusable.

Ultimately it is Defendant's burden to show good cause and establish excusable neglect for its failure to move for modification of the scheduling order before the dispositive motion cut-off date. Defendant has met that burden and Defendant's Motion For Amended Scheduling Order seeking to move the dispositive motion deadline to April 1, 2022, is GRANTED. (ECF No. 77.) Under this deadline, Foremost' s Motion for Summary Judgment is timely filed and may be considered by the District Court.

### 3. Amended Scheduling Order

Plaintiffs correctly note that amendment of the dispositive motion deadline impacts the remaining scheduling order deadlines. Indeed, the court previously granted the parties' stipulated extension of those deadlines on April 7, 2022. (ECF No.52.) Now, having granted Defendants' Motion to Amend Scheduling Order and consistent with the District Court's scheduling practices and procedures,[4] the court amends the remaining scheduling order dates as follows:

**\*Rule 26(a)(3) pretrial disclosures**:

    **Plaintiff(s):**    **November 4, 2022**

    **Defendant(s):**    **November 18, 2022**

**\*Objections to Rule 26(a)(3) disclosures**
 (if different than 14 days provided in Rule):

| | |
|---|---|
| \*Special Attorney Conference on or before: | **December 2, 2022** |
| \*Settlement Conference on or before: | **December 2, 2022** |
| \*Final Pretrial Conference: | **Not set at this time** |
| \*5 day Jury Trial: | **January 9, 2023, at 8:30 a.m.** |

---

[4] Judge Kimball typically requires seven (7) months between the dispositive motion deadline and the trial date.

**IT IS SO ORDERED.**

Dated: this 21st day of July 2022.

_____
Dustin B. Pead
U.S. Magistrate Judge