## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| STEVEN ANDERSEN and PATRICIA ANDERSEN, **Plaintiffs,** vs. **FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN,** **Defendant.** | **MEMORANDUM DECISION AND ORDER** Case No. 1:20-CV-115-DAK-DBP Judge Dale A. Kimball Magistrate Judge Dustin B. Pead |

This matter is before the court on Defendant Foremost Insurance Company, Grand Rapids, Michigan's ("Foremost") Motion for Summary Judgment [ECF No. 50] and Plaintiffs Steven and Patricia Andersen's Motion to Compel Appraisal and Abate Pending Completion of Appraisal [ECF No. 58].   The court does not believe that oral arguments would significantly aid in its determination of these motions.   Accordingly, the court enters the following order based on the parties' submitted memoranda and the law and facts relevant to the pending motions.

## BACKGROUND

Foremost insured the Andersens under a homeowner's policy from June 6, 2018, to June 6, 2019.   The Andersens made a claim on the policy after a hailstorm damaged their cedar shake roof.   After inspecting the roof, on October 17, 2018, Foremost's claims adjuster James Scanlan sent a letter to the Andersens, advising them that the "investigation found that . . . there are 5 shakes per square that were noted as having hail damage to them" and tendering a $3,956.00 payment to replace all hail-damaged wood shakes, less the policy deductible and recoverable depreciation.

1

The Andersens entered into a contract with a public adjuster, Chris Little of Utah Public Adjusters, to inspect the property and agreeing to pay him 10% of the additional repair costs obtained from Foremost.   On March 11, 2020, a year-and-a-half after Foremost tendered payment on the claim, Little sent Foremost's claims adjuster, James Scanlan, an email, stating that he represented the Andersens and enclosing his estimate for a full roof replacement.   On April 6, 2020, Little sent another email to Scanlan, explaining that "due to the age and condition of the roof, it is not possible to repair it without consequential damage . . . , which is why we have written for a full replacement."

On April 7, 2020, Scanlan responded to Little stating that the roof was repairable.   Scanlan explained that "[r]oofers make repairs to wood shake roofs all the time.   This roof is no different. Repairs can be made to this roof by using shakes to replace those that are directly physically damaged by hail. That's exactly what my estimate entails."

On May 26, 2020, Little sent an email to Scanlan, stating: "When a wood shake roof is installed there is a layer of felt that goes on each row of wood shake. When replacing the damaged shakes it causes the felt to tear in different directions due to its age. Also the valley metal had hail damage to it. The valley metal goes at least 18" onto each slope. So when you replace the valley metal you take off the wood shakes you end up needing to replace the entire slope."   The Andersens also claim that the storm damage on the roof led to interior damage and damaged the gutters and downspouts, which would need to be replaced.   Foremost did not pay for replacing the soft metals that were damaged or the interior damage.

The Andersens' homeowner's policy includes the following appraisal provision: "Appraisal.   If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss.   In this event, each party will choose a competent appraiser within 20 days after receiving

a written request from the other.   The two appraisers will choose an umpire.   If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the premises is located.   The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss.   If they fail to agree, they will submit their differences to the umpire.   A decision agreed to by any two will set the amount of the loss."

The Andersens did not invoke the policy's appraisal provision when they disagreed with Foremost's appraisal of the loss. Instead, the Andersens hired their own adjuster and agreed to pay their adjuster a percentage fee.   When Foremost and the public adjuster disagreed on the scope of the loss, the Andersens again did not invoke the appraisal provision.   Instead, the Andersens filed this lawsuit.

Foremost filed a Motion for Partial Summary Judgment on the Andersens' Breach of Good Faith and Fair Dealing Claim, which this court granted.   Foremost also filed a Motion to Exclude Matthew Jenson and Chris Little, the Andersen's expert witnesses.   Magistrate Judge Pead granted the motion to exclude the experts for failure to comply with the expert report rules.   After the Order excluding the Andersens' experts, Foremost filed the present Motion for Summary Judgment.   Because the motion was filed after the dispositive motion deadline, Foremost had to obtain an amended scheduling order.   Magistrate Judge Pead granted the amended scheduling order and ruled that Foremost's Motion for Summary Judgment is timely filed.   The Andersens opposed Foremost's Motion for Summary Judgment and, at the same time, filed a Motion to Compel Appraisal and Abate Pending Completion of Appraisal.

## DISCUSSION

### <u>Foremost's Motion for Summary Judgment</u>

Foremost argues that the Andersens' Breach of Contract cause of action should be dismissed because the Andersens do not have any expert witnesses who can establish their claim that the entire roof needed to be replaced.   The court excluded the Andersens' two expert witnesses for failure to comply with the expert report requirements of Federal Rule of Civil Procedure 26(a)(2)(B).

"Generally, issues of fact which are outside the knowledge and experience of lay persons must be established by expert testimony."   *Brussow v.* Webster, 258 P.3d 615, 618 (Utah Ct. App. 2011).   Where "[l]ay persons are not well equipped to decide" an issue on which a claim is based, expert testimony is needed.   *Jenkins v. Jordan Valley Water Conservancy Dist.*, 321 P.3d 1049, 1052 (Utah 2013).   "The test for determining whether testimony must be provided by an expert is whether the testimony requires that the witness have scientific, technical, or other specialized knowledge; in other words, whether an average bystander would be able to provide the same testimony."   *Kirkham v.* McConkie, 427 P.3d 444, 447 (Utah Ct. App. 2018).

In this case, the parties dispute whether the hail storm damage could be repaired or required a full roof replacement due to the type of roof and its age and condition.   Foremost maintained that roofs like the Andersens' are routinely repaired by experienced roofers.   Whereas, the Andersens assert that that the roof could not be repaired without causing consequential damage to other parts of the roof.   To prove their breach of contract claim against Foremost, the Andersens must prove that the roof could not be repaired using proper repair methods accepted in the roofing industry.   This type of industry standard requires a witness with technical and specialized knowledge.   An average bystander would not be able to provide testimony on the issue.

Therefore, the Andersens' breach of contract claim requires expert evidence for the jurors to assess.   Without that expert evidence, the jurors would be forced to speculate.

Failure to designate an expert on an element of a claim that must be established through expert testimony is fatal to the claim.   *Callister v. Snowbird Corp.*, 337 P.3d 1044, 1048-49 (Utah Ct. App. 2014).   "Courts in this district and in the Tenth Circuit have granted summary judgment where an expert witness had been precluded, or where the court found that expert testimony was required, but no expert had been designated." *Preventive Energy Solutions, LLC v. nCap Ventures 5,* LLC, 2019 WL 2869950, *2 (D. Utah 2019); *see, e.g., Harvey v. United* States, 685 F.3d 939, 950-51 (10th Cir. 2012).

Without an expert, the Andersens cannot carry their evidentiary burden at trial on their breach of contract claim.   Accordingly, the court grants Foremost's Motion for Summary Judgment on the Andersens' breach of contract claim.

### The Andersens' Motion to Compel Appraisal

In response to Foremost's Motion for Summary Judgment, the Andersens filed a motion to compel an appraisal and to abate proceedings pending completion of the appraisal.   In their reply brief in support of their motion, the Andersens attached the Declaration of Dave Southam, a licensed contractor who claims that he could conduct the appraisal using pictures of the loss because the Andersens already replaced the entire roof.

The Andersens have never disclosed Mr. Southam as a fact or expert witness in this case. Rule 37(c)(1) provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (c), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).   The deadline for disclosing such witnesses is long passed as is the

deadline for fact and expert discovery.   The Andersens' motion appears to be a backdoor way of trying to get a new expert after the court excluded its prior witnesses and the opposing party filed a dispositive motion on the claim.   This use of an undisclosed expert is not substantially justified or harmless.   Foremost did not have an opportunity to depose Mr. Southam or review a report of his opinions.   The Andersens' motion to compel an appraisal comes too late in the proceedings and is untimely.   Accordingly, the court denies the Andersens' motion to compel appraisal.

## **CONCLUSION**

Based on the above reasoning, Foremost's Motion for Summary Judgment [ECF No. 50] is GRANTED, and the Andersens' Motion to Compel Appraisal and Abate Pending Completion of Appraisal [ECF No. 58] is DENIED.   Because the court has granted summary judgment in favor of Foremost on both the Andersens' claims, this action is closed.

DATED this 27th day of September, 2022.

BY THE COURT:

DALE A. KIMBALL,
UNITED STATES DISTRICT JUDGE